UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LARRY KLAYMAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-1005 (JDB) |
| DAVID BARMAK, et al. | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Larry Klayman, proceeding pro se, has filed claims for breach of contract and breach of fiduciary duty against attorney David Barmak and the law firm of Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C. Currently before the court is [43] defendants' motion for summary judgment, and [45] defendants' motion to treat their motion for summary judgment as conceded. Plaintiff has not responded to either motion. For the reasons detailed below, the Court grants the defendant's motion for summary judgment as conceded.

Under Local Rule 7(b), when an opposition to a motion has not been filed within eleven days of the date of service, "the Court may treat the motion as conceded." See Malik v. District of Columbia, 574 F.3d 781, 786 (D.C. Cir. 2009). Defendants filed their motion for summary judgment on October 23, 2009; service was completed that same day through the Court's CM/ECF electronic filing system. See Defs.' Mot. for Summ. J. [Docket Entry 43], at 14. In the six weeks since that filing, plaintiff has neither responded to the motion nor requested an extension of time to respond. Nor has plaintiff responded to defendants' motion to treat their

motion for summary judgment as conceded, which was filed and served through CM/ECF on November 12, 2009, even though the deadline to oppose that motion passed nearly two weeks ago.  See Defs.' Mot. to Treat Their Mot. for Summ. J. as Conceded [Docket Entry 45], at 8.

Before granting a motion for summary judgment as conceded, district courts must ensure that pro se parties have "fair notice" that a "failure to respond to an adverse party's summary judgment motion may result in the district court granting the motion and dismissing the case." Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988).  Although the Court has not issued a so-called "Fox order" in this case, it cannot reasonably be disputed that plaintiff has fair notice of "'the risks attending failure to respond to a summary judgment motion.'" Id. (quoting Ham v. Smith, 653 F.2d 628, 630 (D.C. Cir. 1981)).  After all, the plaintiff here is no ordinary pro se litigant: an experienced attorney, he has appeared as counsel in dozens, if not hundreds, of federal cases.  See Klayman v. Judicial Watch, Inc., 628 F. Supp. 2d 112, 122 n.6 (D.D.C. 2009) (Klayman is "an experienced, licensed attorney" who, as an officer of the court, should "be well aware of his obligations to timely respond to dispositive motions").  Moreover, plaintiff has proven himself familiar with the Court's CM/ECF filing system, the method by which the pending motions were served: throughout this litigation he has repeatedly used the electronic filing system both to file and to oppose motions.

Plaintiff's current silence is not simply an unexplained hiccup in an otherwise diligently prosecuted case.  To the contrary, plaintiff requested no fewer than six extensions of time during briefing concerning defendants' motion to dismiss his complaint.  Plaintiff has also failed to comply with even the most basic of discovery requirements: three months after they were due, plaintiff still has failed to produce adequate Rule 26(a)(1) disclosures, a failure for which the

Court has imposed monetary sanctions.  See Oct. 28, 2009 Order [Docket Entry 44], at 2. Indeed, the Court's most recent deadline for plaintiff to supplement his initial disclosures passed over a month ago, yet the Court has no indication that plaintiff has complied with the Court's order.  Additionally, according to defendants, plaintiff has not responded to defendants' request for payment of the Court-imposed sanctions.

The Court can perceive no reason -- and certainly no legitimate reason -- for plaintiff's failure to oppose defendants' motions.  Rather, plaintiff's silence corresponds with his consistently indifferent approach to Court-ordered deadlines in this case.  The Court therefore grants defendants' motion for summary judgment as conceded.[1]

Accordingly, it is hereby

**ORDERED** that [45] defendants' motion to treat their motion for summary judgment as conceded is **GRANTED**; and it is further

**ORDERED** that [43] defendants' motion for summary judgment is **GRANTED** as conceded.[2]

**SO ORDERED.**



---

[1] Defendants ask the Court to award them the attorneys fees incurred in preparing their motion to treat their motion for summary judgment as conceded.  See Defs.' Mot. to Treat Their Mot. for Summ. J. as Conceded at 6 n.2.  The Court denies this request.  The cost of filing papers to obtain summary judgment is a routine one in litigation, and plaintiff's failure to respond has in fact probably saved defendants some fees.  The Court notes, however, that the sanctions imposed on October 28, 2009, remain in effect.

[2] Less than an hour before this Order was filed, defendants filed [46] a motion for entry of judgment.  This motion merely repeats the arguments addressed above.  Nonetheless, because plaintiff has not had an opportunity to respond to the motion, the Court has not considered it in issuing this Order.

JOHN D. BATES
United States District Judge

Date: <u>December 4, 2009</u>